BAUGH v. BAUGH.

1. DIVORCE—ALIMONY—CONTEMPT — ON APPEAL FROM COMMITTAL
   FOR FAILURE TO PAY ALIMONY ISSUES OF PENDING DIVORCE SUIT
   WILL NOT BE REVIEWED.
   On appeal from an order of the court below adjudging
   plaintiff in divorce proceedings guilty of contempt of court
   and committing him to the Detroit house of correction
   for failure to pay temporary alimony allowed the wife,
   where the divorce case was at issue and ready to be tried,
   the Supreme Court will not review the issues of fact raised
   by the major pleadings in the case although urged pro
   and con with the support of many conflicting affidavits.[1]

2. SAME—EVIDENCE SUFFICIENT TO SUSTAIN COMMITTAL.
   Where the court below had before it abundant evidence
   of the wife's needs and the husband's ability to support
   her to fully justify, if true, the order of committal, the
   Supreme Court, upon appeal, will not disturb the court's
   conclusions.[2]

3. SAME—FAILURE TO PAY ALIMONY NOT JUSTIFIABLE BY CLAIM
   MARRIAGE WAS ILLEGAL.
   A husband may not justify his refusal to pay temporary
   alimony to his wife pending divorce proceedings, on the
   ground that his marriage to her was illegal, where said
   claim is controverted, and the legality of the marriage is
   one of the issues of the divorce suit.[3]

4. SAME—STATUTES—CONSTITUTIONAL LAW.
   The statute (3 Comp. Laws 1915, § 11443 et seq.) to
   facilitate collection of temporary and permanent alimony
   ordered paid in divorce suits, held, explicit in authority
   conferred and method of enforcement, the constitutionality
   and wisdom of which has been sustained.[4]

Appeal from Wayne; Miller (Guy A.), J.    Sub-
mitted April 10, 1924.    (Docket No. 50.)    Decided
October 6, 1924.

---

[1]Contempt, 13 C. J. § 168; [2]Id., 13 C. J. § 169; [3]Divorce, 19 C.
J. § 704 (1926 Anno); [4]Id., 19 C. J. § 692.
Authorities discussing the question of alimony *pendente lite*
or counsel fees in suit for divorce when marriage is denied, are
collated in a note in 25 L. R. A. (N. S.) 387.

Bill by Joseph H. Baugh against Linnie M. Baugh for a divorce:   On appeal of plaintiff from an order of commitment for failure to pay temporary alimony. Affirmed.

*U. S. Bratton,* for plaintiff.

*Paul V. Hutchins,* for defendant.

STEERE, J.   The above-named plaintiff and defendant were married on January 6, 1920.   On June 13, 1923, plaintiff filed a bill of complaint in Wayne county circuit court, in chancery, asking a decree of divorce from defendant on various grounds.   On June 19, 1923, she filed a petition asking an order for temporary alimony and attorney fee, which he contested.   On June 23, 1923, the court entered an order that plaintiff pay defendant $7 per week as temporary alimony, payments to be made weekly in advance beginning with the date of such order, and for $35 for attorney fees in her defense, one-half to be paid within 30 days after said order and the balance within 60 days.   On July 11, 1923, defendant filed answer to plaintiff's bill of complaint.   On July 23, 1923, plaintiff filed a petition to set aside or modify the court's order for temporary alimony, which was contested by defendant and not granted.   On September 24, 1923, defendant filed a cross-bill of complaint asking a decree of divorce from plaintiff on various grounds, together with an award of permanent alimony; that he be decreed to pay her certain money she had loaned him; and for her half interest in household effects and other property of which each owned half and for the purchase of which she had contributed from her separate means her half of the price.

The list of calendar entries in the case appearing in the index of the record shows various interlocutory proceedings during September, November and early

in December, 1923, relative to alimony and contempt proceedings, copies of which do not appear in the printed record, the last entry before the one directly in issue here, dated December 8th, being as follows:

"Order denying petition for attachment without prejudice. Court sheet, Judge Baxter. Response filed."

On December 11, 1923, the court, on defendant's petition, ordered plaintiff to show cause on December 15, 1923, why an attachment should not issue against him for contempt of court in failing to comply with its order of June 23, 1917, to pay the alimony and attorney fee as therein specified. On December 15, 1923, plaintiff filed an answer to defendant's cross-bill, and affidavits in response to the order of December 11th to show cause why he should not be punished for contempt. After due consideration of the showings made by the respective parties the court found that a certified copy of said order had been timely served upon plaintiff, and he had failed to comply with the same, that $175 had become due and unpaid thereon, no good cause or sufficient reason being shown by plaintiff for such nonpayment. He was therefore adjudicated guilty of contempt of court and committed to the Detroit house of correction for detention until the sums so ordered were paid, etc. Plaintiff thereupon filed with that court a claim of appeal from such order to this court, and on filing his appeal bond in the sum of $500 execution of the order was stayed during pendency of said appeal.

This interlocutory proceeding is freighted with conflicting affidavits filed by the respective sides covering all the issues presented by the regular pleadings in the divorce case, and more. The trial court was asked by plaintiff, as is this court, to in effect hear upon its merits and decide all the issues of the divorce case on affidavits. The divorce case is, and was when

this appeal was taken, at issue and ready for final hearing so far as this record shows. For determining the validity of this intervening appeal from an interlocutory order it is not wise or necessary to review at length many of the issues of fact raised by the major pleadings in the case and urged here pro and con with the support of many conflicting affidavits.

The record shows plaintiff had timely notice of defendant's application for temporary alimony, appeared and was heard in opposition. He thereafter was heard again on the question in his application to the court to vacate or modify the order granted, which was denied. He admittedly failed to comply with the order in whole or in part. Preliminary to the order of commitment appealed from demand for payment of the alimony and fees awarded and past due was made upon him, which he ignored. He was duly notified of her petition for an attachment and given opportunity to show cause against it. A hearing was then had on her necessities, his ability to pay, and his claim that defendant was not his wife because not legally divorced from a former husband, substantially the same claims urged by him in the first instance against the order for temporary alimony.

The parties to this suit met and married in Detroit. It is indicated that they migrated there from the southern States during the hegira of their people from that region in the period of and following the recent war. He alleged that she had a one-fifth interest in an estate in Georgia worth $10,000 and she charged that he owned "considerable property" in the State of Arkansas, to make payment on which he had early in their married life borrowed from her $225 which he had never paid back. He made formal denial of that charge and left her to her proofs, while she denied any interest in an estate in Georgia worth $10,000, but admitted to a one-fifth interest in a house and lot in that State not worth to exceed $3,500 from

which she realized no net income.    Her showing in support of her claim for temporary alimony was in substance that she had loaned the plaintiff or paid upon his debts to save property from foreclosure all the money she did have and he had left her without means to either support herself or use in her defense; that he was a strong, healthy man earning good wages, able to support her.    Plaintiff admitted that he was and had been for some time past earning $34.80 a week in the employ of the Studebaker automobile company, but charged that during their married life defendant had despoiled him of his money and involved him in debt to such an extent that it was impossible for him to comply with the order of the court.    Their stories with supporting affidavits are wide apart and on their face hopelessly irreconcilable.    The court had before it abundant evidence of her needs and his ability to support her to fully justify, if true, the order of committal.    Upon those issues we find no occasion to disturb the court's conclusions.

Counsel for plaintiff particularly urges that the trial court was without jurisdiction because defendant was not legally divorced from her former husband and her marriage to plaintiff was therefore absolutely void, in support of which he quotes as follows from 19 C. J. p. 212:

"Marriage being the essential foundation of allowances for alimony, the existence of a marriage between the parties must be admitted, or shown, before a decree or order properly can be made for an allowance of temporary alimony."

That proposition is not to be questioned, but the fact upon which the invalidity of her divorce is predicated is questioned.    One of the allegations in plaintiff's bill of complaint is that defendant was previously married to one Eddie Gray in Atlanta,

Georgia, and that in obtaining her claimed divorce from him she perpetrated a fraud upon the court of Wayne county by falsely alleging in her bill of complaint that she had been a resident of the State of Michigan for two years prior to filing her bill. He also states various other good grounds for divorce, which if true entitle him to a decree, and asks in his prayer for relief "that the marriage between plaintiff and said defendant be dissolved, and a divorce from the bonds of matrimony be decreed." All these charges are made issues of fact by her answer, and met with emphatic denying testimony when raised in subsequent interlocutory proceedings. The proceedings in her divorce case are fair on their face and the burden of proof rested upon plaintiff to establish the fraud alleged to have been perpetrated upon the court to obtain her decree—provided it was permissible for him, a third party, to collaterally attack that decree, a question which need not be decided here.

Her version of that issue is that in 1917, over two years prior to filing her bill for divorce, she came with her brother to Detroit where they had decided to make their home; that she then shipped to Detroit all her household goods and personal effects and on her arrival established her home there, where she has ever since resided and maintained a home although she has temporarily visited her old home in Georgia; that after they became acquainted plaintiff was advised of all these facts and later became both instrumental and foremost in her obtaining a divorce, securing her attorneys for that purpose and otherwise assisting in order that she might become his lawful wife.

The statute to facilitate collection of temporary and permanent alimony ordered paid in divorce suits is explicit in authority conferred and method of enforcement. 3 Comp. Laws 1915, § 11443 *et seq.* It has been found constitutional and the wisdom of the legis-

lation has been sustained.  *Bowman* v. *Wayne Circuit Judge,* 214 Mich. 518.

Upon all the issues of fact under which plaintiff sought to avoid the order appealed from there was ample opposing testimony on which to base the adjudication of the court and sustain the order.

The order will stand affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, FELLOWS, and WIEST, JJ., concurred.